## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff : | |
| v. : | Criminal Action No. 05-37-JJF |
| ERICA ROMERO, : | |
| Defendant. : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Erica Romero, by and through her attorney, James Haley, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Erica Romero, agrees to plead guilty to Count One of the Indictment charging her with conspiring to pass counterfeit Federal Reserve notes in violation of Title 18, United States Code, Section 472, all in violation of Title 18, United States Code, Section 371, which carries a maximum penalty of 5 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (1) that two or more persons agreed to commit the crime of passing counterfeit currency in violation of 18 U.S.C. § 472; (2) that the defendant knowingly and voluntarily joined the conspiracy; and (3) that a

member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

    3.    The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) on or about April 14, 2005, she conspired with Alirio Gallego-Dugue and Jamie Nunez to pass counterfeit $100 Federal Reserve notes that she had received from Alirio Gallego-Dugue; (b) she passed counterfeit $100 Federal Reserve notes with the intent to defraud; (c) at the time she passed the counterfeit $100 Federal Reserve notes, she knew they were counterfeit; (d) in passing the counterfeit notes, she received genuine currency as change and shared the genuine currency with Alirio Gallego-Dugue.

    4.    The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government likely will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

    5.    At sentencing, the defendant intends to ask for a two level downward adjustment under U.S.S.G. § 3B1.2(b) because she was a minor participant in the criminal activity. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with the adjustment, the United States agrees that the adjustment is appropriate.

    6.    The defendant agrees to pay the $100 special assessment at the time of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on

the defendant's behalf to the payment of the outstanding debt ordered.

7. At the time of sentencing, the government agrees to move to dismiss Count Three of the Indictment as against this defendant.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea.

9. The defendant agrees to forfeit all interests in any fraud related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to the following specific property: the $2,249 seized by law enforcement on April 14, 2005. The defendant admits that the $2,249 constitutes the proceeds of the offense with which she has been charged, and the defendant knowingly and voluntarily consents to the administrative forfeiture of that property. The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

10. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The

defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

11. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Memorandum of Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or as substitute assets for property otherwise subject to forfeiture.

12. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

|  |  | COLM F. CONNOLLY<br>United States Attorney |
|---|---|---|
| _____<br>Erica Romero<br>Defendant | BY: | _____<br>Beth Moskow-Schnoll<br>Assistant United States Attorney |

_____
James Haley, Jr.
Attorney for Defendant

Dated: 3/29/06

**AND NOW**, this 29 day of March, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Court Judge